IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TONY LAMAR HUMPHREY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-126 |
| | ) | (Formerly CR 110-029) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Tony Lamar Humphrey filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED,** the motion for appointment of counsel be **DENIED** (CR 110-029, doc. no. 30) and this civil action be **CLOSED**.

**I.   BACKGROUND**

On January 7, 2010, the United States Attorney for the Southern District of Georgia charged Petitioner in a three-count indictment with one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(1)(a)(1) and 841(b)(1)(B) (Count One), one count of use of a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Two), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) (Count Three). <u>United States v.</u>

Humphrey, CR 110-029, doc. no. 1 (S.D. Ga. Jan. 7, 2010) (hereinafter "CR 110-029"). Jacque D. Hawk represented Petitioner, and on July 22, 2010, Petitioner pleaded guilty to Counts One and Three of the indictment, possession with intent to distribute more than five grams of cocaine base, and possession of a firearm by a convicted felon. Id., doc. nos. 18-19.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category at VI, and Guidelines imprisonment range at 188 to 235 months. PSI ¶ 84. Because Petitioner had previously been convicted of aggravated assault and possession of cocaine with intent to distribute, he was a career offender within the meaning of U.S.S.G. § 4B1.1. PSI ¶¶ 36, 43, 49. The offense level under § 4B1.1 was thirty-four, which decreased three points to thirty-one based on Petitioner's acceptance of responsibility. PSI ¶ 37. As to Count One, the statutory minimum term of imprisonment was five years, and the maximum term of imprisonment was forty years. 21 U.S.C. § 841(b)(1)(B); PSI ¶ 82. As to Count Three, the maximum term of imprisonment was ten years. 18 U.S.C. § 922(g); PSI ¶ 83.

On November 22, 2010, United States District Judge J. Randal Hall imposed a sentence of 136 months of imprisonment, five years supervised release, a $200 special assessment, and a $1,000 fine. CR 110-029, doc. no. 25. Pursuant to U.S.S.G. § 5K1.1, Judge Hall departed downward from the guideline range because he granted the government's motion to depart based on Petitioner's substantial assistance. Petitioner did not file an appeal.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the

Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, on June 13, 2016, Petitioner filed a motion in his underlying criminal case seeking a sentence reduction and the appointment of counsel. (CR 110-029, doc. no. 30.) On July 14, 2016, Judge Hall issued an Order informing Petitioner that if he was seeking to attack the legality of his sentence, he was required to petition for habeas corpus relief under 28 U.S.C. § 2255. (Id., doc. no. 32.) In the Order, Judge Hall informed Petitioner the Court intended to characterize his motion seeking a sentence reduction and appointment of counsel as a first § 2255 motion if Petitioner did not otherwise withdraw his motion or amend the motion to assert any other § 2255 claims within thirty days. (Id. at 2-4.)

On August 1, 2016, Petitioner filed a motion to vacate under § 2255 arguing that the ruling in Johnson entitles him to be resentenced.[1] Petitioner argues he was sentenced under the statutory provisions of the ACCA, and that his prior felony convictions were not "serious." (See generally doc. no. 1.) Petitioner also argues his counsel was ineffective for failing to dispute the drug quantity, and as a consequence his case should have been

---

[1] As per the Courts July 14, 2016 Order, this motion was given a *nunc pro tunc* filing date of June 13, 2016, when Petitioner filed his initial motion seeking a sentence reduction and appointment of counsel.

3

adjudicated at the state level. (Id. at 5.) Petitioner asserts because of Johnson, his motion is not time-barred. Because Petitioner was not sentenced under the ACCA and was sentenced under § 4B1.1 of the Guidelines, Johnson is inapplicable. Accordingly, Petitioner's remaining claim that counsel was ineffective is barred as untimely.

## II. DISCUSSION

### A. Johnson Does Not Apply to the Guidelines.

Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of career offender status under § 4B1.1 and the applicable crime of violence definition in § 4B1.2.[2] See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.").

---

[2]The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted* No. 15-8544 (U.S. June 27, 2016).

4

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

**B.  Petitioner's Remaining Ineffective Assistance of Counsel Claim is Barred as Untimely.**

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on November 22, 2010, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. See Fed. R. App. P. 4(b)(1). Thus, his claim alleging ineffective assistance of counsel, filed almost six years later, is untimely. In addition, as explained *supra* Part II.A, because Johnson does not apply to Petitioner, Johnson does not qualify him for a later statute of limitations. Accordingly, Petitioner's ineffective assistance of counsel claim is time-barred.

Nevertheless, an otherwise untimely § 2255 motion may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Damren v. Florida, 776 F.3d 816, 818 (11th Cir. 2015)

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000,

1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing a § 2255 motion and raising his ineffective assistance of counsel claim. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crime of conviction, and instead argues the federal courts lack jurisdiction and his case should have been adjudicated at the state level. (See doc. no. 1, p. 5.) Because Petitioner does not assert innocence or that extraordinary circumstances barred him from timely filing his motion, the Court cannot consider Petitioner's untimely claim and it should be denied.

### C.  Petitioner is Not Entitled to Appointed Counsel.

Petitioner also filed a motion for appointment of counsel. There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979); see also 28 U.S.C. § 2255(g) and Rule

7

8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 145 (2015 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, and as explained above, his case does not fall within the parameters of Johnson and is due to be dismissed. Therefore, the motion for appointment of counsel should be **DENIED**. (CR 110-029, doc. no. 30.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** the motion for appointment of counsel be **DENIED** (CR 110-029, doc. no. 30) and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA