IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TONY LAMAR HUMPHREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 116-126 |
| ) | (Formerly CR 110-029) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 6). The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 because the decision in Johnson v. United States, 135 S. Ct. 2551 (2015) does not apply to career offender enhancements under the sentencing guidelines. (Doc. no. 2, pp. 4-5); United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015).

In his objections, Petitioner disagrees with Matchett, and asks that his case be held in abeyance until the Supreme Court decides Beckles v. United States, 616 F. App' x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct 2510 (U.S. June 27, 2016) (No. 15-8544). As there is no basis for holding the case in abeyance, the Court **DENIES** the request for a stay. (Doc. no. 6.) The Eleventh Circuit recently explained, "[G]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be

denied." In re Bradford, -F.3d-, No. 16-14512-J, 2016 WL 4010437, at *2 (11th Cir. July 27, 2016) (citing Schwab v. Sec'y, Dep't of Corr., 507 F.3d 1297, 1298-99 (11th Cir. 2007)). Regardless of the outcome in Beckles, the decision in Matchett is currently the controlling case law in the Eleventh Circuit, and under that precedent, Petitioner is not entitled relief.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** the motion to stay (doc. no. 6), **DENIES AS MOOT** Petitioner's motion for the appointment of counsel (CR 110-029, doc. no. 30), and **DISMISSES** the § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*.

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 24th day of October, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA